Summerhill v. Trapp.

---

## SUMMERHILL *vs.* TRAPP.

[APPEAL FROM JUDGMENT ON PETITION OF SUPERSEDEAS, &c.]

1. *Supersedeas, petition for, praying quashing of execution; what should contain.*—A petition, praying to have an execution quashed, should be accompanied by a copy of the execution complained of, or it should contain an accurate description of it, else the petition is bad for uncertainty.
2. *Satisfaction of judgment; what act does not amount to.*—A mere levy of an execution by the sheriff on property of the defendant, sufficient in value to satisfy it, is not a satisfaction of the judgment, when the levy is released or abandoned without the concurrence of the plaintiff.
3. *Same.*—The execution must be paid, or its payment defeated by the misconduct of the plaintiff before a surety can complain.

APPEAL from the Circuit Court of Lauderdale.

Tried before Hon. W. J. HARALSON.

The facts are sufficiently stated in the opinion.

O'Neal & Ward, for appellant.
McFarland, *contra.*

PETERS, J.—This is a proceeding by petition for *supersedeas*, with a prayer that the "matters and things alleged" in the petition "may be heard," and a certain writ of execution referred to in said petition "be quashed."

The petition shows that William Trapp, on the 12th day of March, 1860, recovered judgment in the circuit court of Limestone county in this State, against Ira Arnold and petitioner, Horace Summerhill, for $161, debt and costs. In this judgment, Summerhill was the surety of Arnold. After this judgment was so rendered, petitioner procured the sheriff to make a levy on property of Arnold which was amply sufficient to satisfy said judgment. But after this, said Arnold, on the 20th day of August, 1861, took an appeal from said judgment to the supreme court, and gave bond in said appeal with sufficient surety. The transcript of the record in this appeal was never filed in the supreme court, and the appeal seems finally to have been abandoned. And Trapp did not apply in the supreme court to have said judgment affirmed on certificate, but he had let the matter rest until an execution, lately issued on his said judgment, had been levied on the lands of petitioner, and the sheriff would sell the same unless restrained. There was a demurrer to the petition; the demurrer was sustained, and the petition dismissed. This judgment of dismissal is the error assigned in this court.

The petition does not seek an entry of satisfaction of the judgment recited in it. It only seeks to quash the writ; that is, to deal with the execution only. When this is the case, the petition ought to be accompanied with a copy of the execution sought to be quashed, or it ought to contain an accurate description of it. But in this, the pleading wholly fails. It merely refers to the writ complained of, as an "execution," without any description or means of identification whatever. This makes the petition, as a declaration, bad for uncertainty. Besides, the facts relied on to justify the relief asked do not show any fault on the part

of Trapp, the plaintiff in the judgment. He did not release the levy, or direct or cause it to be released. A mere levy is not a satisfaction of the judgment, when it is released without concurrence of the plaintiff. This does not pay the debt, or defeat its payment by the misconduct of the plaintiff. One of these must occur before a defendant occupying the condition of a surety can complain.—*Henderson, Adm'r, v. Huey et al.*, 45 Ala. 275; *David v. Malone*, June term, 1872.

The allegations of the petition are wholly insufficient.

The judgment of the court below is affirmed.